UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff(s),<br>　v.<br><br>ESTATE OF DOUGLAS WISE et al.,<br><br>　　　　　　Defendant(s). | CASE NO. 3:21-cv-05197-TL<br><br>ORDER |

This matter is before the Court on the Government's motion for retroactive approval of service on Defendants (the "Motion"). Dkt. No. 40. Having considered the relevant record, the Court GRANTS in part and DENIES in part the Motion and GRANTS the Government leave to re-serve Defendants by publication under RCW 4.28.100(2), for the reasons below.

### I.  BACKGROUND

This action arises out of the United States's efforts to recover federal tax liabilities assessed against the estate of Douglas Wise and Laurie Wise (the "Individual Defendants") and to foreclose federal tax liens on certain real property located at 5618 Green Hills Avenue

ORDER - 1

Northeast, Tacoma, WA 98422. Dkt. No. 32 at 1, 6 (operative complaint). Mr. Douglas Wise is deceased and was married to Ms. Laurie Wise at the time of his death, which occurred on or about June 22, 2014. *Id.* at 2. For the purposes of service of process and this Order, Ms. Wise is presumed to be the representative of the estate of the late Mr. Wise.

After commencing this action, the Government made extensive efforts to locate, serve, and contact Ms. Wise, including by attempting personal service through a process server at various addresses associated with Ms. Wise or her relatives, mailing a waiver of service to Ms. Wise at various addresses associated with her, and emailing her at various email addresses (and receiving "undeliverable" messages in return). Dkt. No. 41 at 3–4; Dkt. No. 42 at 2. The Government also conducted a comprehensive person report, but none of the seven phone numbers potentially associated with Ms. Wise proved fruitful. Dkt. No. 41 at 3. Accordingly, in June 2021, the Court granted the Government's motion to serve the Individual Defendants by publication under RCW 4.28.100(6). Dkt. Nos. 15, 18. The Individual Defendants were served by publication. Dkt. No. 36-1.

The Individual Defendants having failed to appear or defend in this action, the Clerk of the Court entered default against them (Dkt. No. 38), and the Court set a deadline for the Government to move for default judgment or seek other relief (Dkt. No. 39). The Government represents that it still has not received any communication from the Individual Defendants and that it remains unable to conclusively determine Ms. Wise's current residence, though she appears to be a resident of the State of Washington. Dkt. No. 41 at 2, 4.

The Government now timely moves the Court to retroactively find that service on the Individual Defendants by publication was appropriate and effected under a different subsection, RCW 4.28.100(2). Dkt. No. 40 at 4. The Government also requests, in the alternative, that the

Court grant leave to serve the Individual Defendants by publication a second time under RCW 4.28.100(2). *Id.* No Defendant has objected or otherwise responded to the Motion.

## II. DISCUSSION

### A. Basis for Service by Publication

The Government argues that, while personal judgments generally cannot be entered where service is accomplished by publication in the State of Washington, judgment can be entered against the Individual Defendants if the service by publication was made pursuant to RCW 4.28.100(2). *See In re Marriage of Johnston*, 653 P.2d 1329, 1330 (Wash. Ct. App. 1982) ("[A] personal judgment cannot be entered upon a service by publication. . . . A limited statutory exception . . . has been recognized where a resident defendant leaves the state, or conceals himself within the state . . . ." (emphasis removed)); Dkt. No. 40 at 4. The Government posits that it erred when it originally sought the Court's leave to effect service of process by publication on the basis of RCW 4.28.100(6) rather than RCW 4.28.100(2), the latter of which would permit the Government to seek a default judgment against the Individual Defendants under Washington state law. Dkt. No. 40 at 5.

As an initial matter, the Court is not certain that Washington state law controls a default judgment against the Individual Defendants in this matter, which is before a federal court and subject to federal law. Assuming state law controls, the Court is also skeptical that the Government cannot enforce a judgment against the Individual Defendants solely based on service by publication under RCW 4.28.100(6), as the "rule" stated in *Johnston* seems to have been based on state cases over a hundred years old that in turn were based on the U.S. Supreme Court case *Pennoyer v. Neff*, which has been overruled by subsequent case law. *See* 95 U.S. 714, 727 (1877), *overruled by Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (*in personam* jurisdiction); *Shaffer v. Heitner*, 433 U.S. 186 (1977) (*in rem* jurisdiction). In any case, without

wading into this potential quagmire, the Court assumes (without deciding) that the Government requires the Court's determination on whether service by publication on the Individual Defendants is proper pursuant to RCW 4.28.100(2).

RCW 4.28.100(6), the original basis for service by publication on the Individual Defendants, permits service of summons by publication when the "subject of the action is real or personal property in this state, and the defendant has or claims a lien or interest, actual or contingent, therein . . . ." By contrast, RCW 4.28.100(2), the new basis for which the Government seeks to serve the Individual Defendants by publication, permits service by publication "[w]hen the defendant, being a resident of this state, has departed therefrom *with intent to defraud his or her creditors, or to avoid the service of a summons, or keeps himself or herself concealed therein with like intent*" (emphasis added).

To show that service by publication is warranted under RCW 4.28.100(2), a plaintiff must show: "(1) following reasonably diligent efforts to personally serve the defendant by exhausting all information readily available, the defendant cannot be found in the state; and (2) facts . . . supporting an inference that the defendant concealed himself or herself within the state or left the state with the intent to avoid the service of a summons." *Rodriguez v. James-Jackson*, 111 P.3d 271, 272–73 (Wash. Ct. App. 2005); *see also Cherokee Bay Cmty. Club v. Bosshart*, No. 81572-5-I, 2021 WL 3291783, at *2 (Wash. Ct. App. Aug. 2, 2021) ("[T]he person seeking service by publication must demonstrate that they conducted an honest and reasonable search . . . [but] not all conceivable search methods are required.").

While the Government has been unable to locate Ms. Wise, various public documents such as Ms. Wise's registered vehicles, hunting and fishing licenses, cell phone records, and real property records show that Ms. Wise likely remains a resident of the State of Washington and

has not departed the State. Dkt. No. 41 at 2; Dkt. Nos. 41-1 to 41-5. However, the Government has not been able to otherwise locate Ms. Wise, despite a thorough effort.

The Government details the numerous methods and attempts it has made to personally serve or otherwise reach Ms. Wise. These include the process server's three attempts to serve Ms. Wise at 5618 Green Hills Ave NE, the last known address for Ms. Wise and the real property at issue in this matter. Dkt. No. 41 at 3; Dkt. No. 42 at 2. While the process server observed "a lot of personal items in the house," no one answered the door. Dkt. No. 42 at 2. The process server also spoke to a neighbor and attempted to serve Ms. Wise at two other addresses associated with Ms. Wise's daughter and sister, none of which resulted in finding the whereabouts of Ms. Wise, much less reaching her directly. *Id.* The Government has also attempted to reach Ms. Wise by other methods, such as mail (three attempts sent to two different addresses associated with Ms. Wise), email (three different email addresses), and phone (seven different numbers), to no avail. Dkt. No. 41 at 3–4.

In an analogous case, another court of this District declined in *Iron Springs Resort, LLC v. Finito Servs., LLC* to vacate default judgment against a defendant and in the process found that the defendant had "actively evad[ed] service of process." No. C11-750, 2012 WL 12881972, at *2 (W.D. Wash. Nov. 28, 2012). There, the plaintiff "went to great lengths in attempting to effect personal service," including attempting service at five separate addresses and engaging in skip traces and postal traces to locate the defendant. *Id.* at *1. Notably, the court had also permitted service by publication on the defendant under RCW 4.28.100(2). *See Iron Springs Resort, LLC*, Dkt. No. 7, at 13 (July 15, 2011) (motion for service by publication under RCW 4.28.100(2)); *Iron Springs Resort, LLC*, Dkt. No. 10 (Aug. 2, 2011) (order permitting service by publication). Here, the Government has made even greater efforts to locate and serve Ms. Wise. Given the Government's thorough attempts to serve or at least contact Ms. Wise, which have

included attempting to reach her through family members or neighbors, the Court finds that the Government has made "reasonably diligent efforts to personally serve the defendant by exhausting all information readily available." *Rodriguez*, 111 P.3d at 272, and that Ms. Wise is "keep[ing] . . . herself concealed" to "avoid the service of a summons," RCW 4.28.100(2).

Accordingly, the Court finds that, based on facts that existed and were known at the time of the prior order granting leave to serve by publication, service on the Individual Defendants by publication was appropriate under RCW 4.28.100(2).

**B.      Retroactive Approval**

In its prior order granting leave to serve the Individual Defendants by publication, the Court simply relied on RCW 4.28.100 without specifying a subdivision or its rationale. Dkt. No. 18 at 1. The underlying briefing by the Government, however, shows that this was likely based on RCW 4.28.100(6), as the Government admits. The Government now asks the Court for what is essentially a *nunc pro tunc* order, retroactively holding that the Court's approval of service by publication was based on RCW 4.28.100(2) in addition to RCW 4.28.100(6). Dkt. No. 40 at 5.

A *nunc pro tunc* order, based on the Latin phrase meaning "now for then," makes use of the "inherent power of [a] court to make its records speak the truth . . . [, and] it shall have the same legal force and effect as if done at [a] time when it ought to have been done." *Carino v. Garland*, 997 F.3d 1053, 1058 (9th Cir. 2021) (quoting *United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir. 1998)).

> The power to amend nunc pro tunc is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice. It does not imply the ability to alter the substance of that which actually transpired or to backdate events to serve some other purpose. Rather, its use is limited to making the record reflect what the . . . court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence.

*Id.* (alteration in original) (quoting *United States v. Sumner*, 226 F.3d 1005, 1009–10 (9th Cir. 2000)).

While the Government cites to authority that permits the consideration of evidence submitted after service of process occurred, provided that the evidence only reflects facts that occurred before service, *Rolf v. United States*, No. C06-785, 2007 WL 445449, at *3 (W.D. Wash. Feb. 6, 2007), the Government provides no authority permitting the replacement of the *legal* justification for a prior order. The Court has also found no clear guidance on this issue and is hesitant, in the absence of such authority, to find that its prior order granting service by publication was "a clear mistake" and that a *nunc pro tunc* order is necessary to "prevent injustice," nor that the Court "actually intended" to base service by publication in part on RCW 4.28.100(2). *Carino*, 997 F.3d at 1058 (quoting *Sumner*, 226 F.3d at 1009–10). Accordingly, while the Court recognizes and commends the Government for its diligent efforts to locate and contact Ms. Wise, the Court must ask the Government to make one more effort to serve the Individual Defendants by publication.

### III.   CONCLUSION

Plaintiff's motion for retroactive approval of service is DENIED in part and GRANTED in part, as follows:

(1)   The Court DECLINES to retroactively approve service by publication on the Individual Defendants as having been effected under RCW 4.28.100(2).

(2)   The Court GRANTS LEAVE for the Government to serve the Individual Defendants by publication. Within **fourteen (14) days** of this Order, the Government shall cause the statement previously approved by the Court for service by publication (Dkt. No. 18 at 2), making any modifications as needed, to be published in a

newspaper of general circulation in the county where the action is brought once a week for six consecutive weeks. *See* RCW 4.28.110.

(3) The deadline for the Government to move for default judgment against the Individual Defendants or seek other relief as needed is EXTENDED to **ninety (90) days** after the date of this Order.

Dated this 7th day of November 2022.

Tana Lin
United States District Judge

ORDER - 8