UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ESTATE OF DOUGLAS WISE et al.,

Defendants.

CASE NO. 3:21-cv-05197-TL

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion"). Dkt. No. 45. Having reviewed the Motion and supporting materials, the Court GRANTS the Motion.

## I.    BACKGROUND

Plaintiff United States of America requests the Court order entry of default judgment against Defendants Laurie Wise and the Estate of Douglas Wise ("Individual Defendants"). Dkt. No. 14. The Government makes this request after the Court ordered the Government to make one more effort to serve the Individual Defendants by publication. Dkt. No. 43. The Court ordered

this additional service notwithstanding the fact that the Clerk had already entered default against the Individual Defendants. Dkt. No. 38. The Government has now completed its additional service by publication, which it accomplished by publishing notice about this action in the News Tribune six times from November through December 2022. Dkt. No. 44. The News Tribune has a general circulation within Pierce County, where the Individual Defendants appear to reside. *See id.*; Dkt. No. 43 at 2. The Individual Defendants have not appeared or responded.

This action arises out of the Government's efforts to recover federal tax liabilities assessed against the Individual Defendants and to foreclose federal tax liens on certain real property located at 5618 Green Hills Avenue Northeast, Tacoma, WA 98422 ("Subject Property"). Dkt. No. 32 at 1, 6. Douglas Wise is deceased and was married to Laurie Wise at the time of his death, which occurred on or about June 22, 2014. *Id.* at 2. She is presumed to be his estate's representative. *Id.*

The amended complaint identifies $69,308.00 in unpaid individual income taxes due from Mr. Wise for tax year 2008. *See* Dkt. No. 32 ¶¶ 11–12; Dkt. No. 47 ¶ 16. As of February 1, 2023, the outstanding balance is $152,111.27. *Id.* The Individual Defendants also failed to file a federal income tax return for tax year 2010, and the Government has assessed $39,830.00 in taxes due. Dkt. No. 32 ¶¶ 16–17; Dkt. No. 47 ¶ 16. As of February 1, 2023, the outstanding balance is $38,378.72. Dkt. No. 47 ¶ 16. The Government calculated these outstanding balances by using the Certificate of Official Record and by subtracting credit entries and adding accrued interest. Dkt. No. 47 ¶¶ 12–16.

The Government also provides evidence that the Individual Defendants have an interest in the Subject Property. Dkt. No. 45-5. The Government notes that it has tax liens against this property. Dkt. Nos. 45-6, 45-7.

## II.    DISCUSSION

### A.    Default

Although default has been entered, the Court Ordered the Government to complete additional service before it would consider a motion for default judgment. Dkt. No. 38; Dkt. No. 43. The Government has now completed additional service by publication, consistent with the Court's Order. Dkt. No. 43. The Court finds that this additional effort was adequate to complete service consistent with RCW 4.28.100(2), given that the notice ran in a paper of general circulation within the County in which the Individual Defendants appear to reside and where they have evaded service. And the Individual Defendants have not appeared or responded. Accordingly, the Court finds the Individual Defendants have been properly served and that they are in default.

### B.    Default Judgment

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

1    The Court here finds that the *Eitel* factors favor entry of default judgment. First, there is a

2    strong likelihood of prejudice to the Government absent entry of default judgment. The

3    Government will otherwise be unable to collect tax obligations due that are substantial. Second,

4    there appears to be merit to the Government's claims, as supported by evidence presented within

5    and outside of the amended complaint. Third, the amended complaint is adequately pleaded and

6    the Motion contains additional supporting evidence. Fourth, the money at stake is substantial.

7    Fifth, the Court finds no evidence that there are possible disputes of material fact. Sixth, there is

8    no evidence that default was the result of excusable neglect particularly given the evidence that

9    the Individual Defendants evaded service. Seventh, while there is a strong policy for deciding

10   litigation through contested proceedings, that interest is outweighed here where the Individual

11   Defendants have chosen not to appear and defend themselves. On balance, these factors all

12   weigh in favor of entry of default judgment in the Government's favor. The Court also finds that

13   the tax liens against the Subject Property are foreclosed and that the Government may submit an

14   order for sale of the Subject Property.

15       The Court finds that the Government has provided sufficient evidence to support entry of

16   the requested judgment and that the tax liens against the Subject Property are foreclosed

17   consistent with 26 U.S.C. § 7403. Judgment shall be entered against the Estate of Douglas Wise

18   in the amount of $152,111.27 for tax year 2008 as of February 1, 2023, plus any further penalties

19   and interest accruing after that point. Judgment shall also be entered against the Estate of

20   Douglas Wise and Laurie Wise in the amount of $38,378.72 for tax year 2010 as of February 1,

21   2023, plus any further penalties and interest accruing after that point.

22

23

24

1

### III.    CONCLUSION

The Court GRANTS the Government's motion for default judgment (Dkt. No. 45). The Court DIRECTS entry of judgment in the amount specified above. The Court also finds that the tax liens encumbering the Subject Property are foreclosed. The Government may submit an Order of Sale for the Court's approval, and any such order must be presented **within sixty (60) days** of entry of this Order.

Dated this 3rd day of April 2023

_____
Tana Lin
United States District Judge