The Honorable Tana Lin

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:21-cv-5197-TL |
| Plaintiff, | |
| v. | **ORDER AMENDING ORDER OF SALE AND APPOINTING RECEIVER** |
| ESTATE OF DOUGLAS WISE, LAURIE WISE, CITY OF TACOMA, and PIERCE COUNTY ASSESSOR, | |
| Defendants. | |

On July 31, 2023, the United States moved this Court to amend the Order of Sale entered on July 1, 2023, and appoint Jessie Early, a real estate broker for Skyline Properties in Washington, as a receiver to take custody and arrange for the sale of the real property located at 5618 Green Hills Avenue Northeast, Tacoma, Washington, 98422 (the "Subject Property"). Jessie Early is not interested in this action and is competent and qualified to act as receiver. Upon review of the United States' motion, the record herein, and for good cause shown, it is hereby:

ORDERED that the Motion (Dkt. No. 55) is GRANTED. The Order of Sale (Dkt. No. 53) is amended to allow for the appointment of a receiver to sell the Property. Jessie Early is appointed, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), to act as the receiver to enforce the tax liens at issue in this case according to the terms set out below.

**Property Subject to Receivership**

Jessie Early (hereafter, "the Receiver") is directed to take custody on or after August 18, 2023, and arrange the sale of the Property, legally described as follows, subject to approval by this Court:

> Lot 20 of Green Hills, according to the plat thereof recorded in Volume 61 of Plats, pages 15, 16, and 17, in Tacoma, Pierce County, Washington.

The Receiver is directed to take possession of the Property, including all improvements, buildings, fixtures, materials, contents, and appurtenances thereon, to preserve and protect the value of the Property, and to arrange for the sale of the Property, free and clear of any rights, titles, claims or interests.

**The Receivership**

The Receiver's sale of the Subject Property shall occur according to the following terms:

1. The Receiver shall have the authority to, and is directed to, arrange for the sale of the Property subject to confirmation by this Court. The initial listing price may be set by the United States, in consultation with the Receiver. If lack of buyer interest or buyer feedback indicates that the listing price is too high, the United States, in consultation with the Receiver, may lower the listing price. The United States, in consultation with the Receiver, shall have the exclusive authority to decide what counteroffers, if any, to make in response to an offer. The United States shall have the exclusive authority to decide whether to accept an offer or counteroffer for the Property, conditioned on Court confirmation.

2. The terms of any purchase agreement shall include the balance of the purchase price paid in cash or certified check at closing, and shall include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform. Any forfeited earnest money proceeds shall be distributed first to the Receiver to the extent of the expenses incurred by the Receiver in accordance with paragraph 5 of this order, with the remainder to be distributed to Pierce County, the City of Tacoma, the United States, and the remaining Defendants, respectively, in accordance with the order of priority established by the July 1, 2023, Order of Sale (Dkt. 53).

3. The United States shall be responsible for the filing of the motion to confirm the sale. Closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim deed to the Property, executed by the Receiver, with the interests or other claims of the parties to this action to attach to the proceeds from the sale of the Property in the same order of priority as they currently have against the Property.

4. The sale of the Property shall be free and clear of the interests of the United States, Pierce County, City of Tacoma, the Estate of Douglas Wise, and Laurie Wise. On the confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action shall be discharged and extinguished.

5. The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this Order, specifically including, but not necessarily limited to, the power to enter the Property, to inspect the Property, to advertise the sale of the Property, to show the Property to prospective buyers, to take any action reasonably necessary to protect and preserve the value of the Property prior to sale, and to put the Property into salable condition, including

making expenditures of funds less than $1,000 (in total) without preauthorization from the United States, or if greater than $1,000 (in total), first obtaining the authorization of the United States for reasonable and necessary repairs, maintenance, and minor improvements. Any expenditures will be reimbursed in accordance with paragraph 8 of this Order, to the extent not already paid under paragraph 2. The Receiver shall not have any obligation to advance its own funds to pay any costs or expenses related to the Property.

6. Upon information and belief, the Property is vacant. To the extent that the Property is not vacant, any persons occupying the Property shall vacate the property immediately, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property, the Receiver shall notify the United States immediately. The United States is authorized to coordinate with the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

7. Any personal property remaining on the Property is deemed forfeited and abandoned, and the Receiver is authorized to dispose of it in a manner seen fit, including sale, in which case the proceeds of that sale are to be applied first to the costs and expenses of sale and the balance shall be paid into the Court registry for distribution. Nothing in this Order shall be construed to restrict or otherwise interfere with the Internal Revenue Service's ability to administratively collect against the personal property of Laurie Wise and the Estate of Douglas Wise, in accordance with the law.

**Distribution of Proceeds**

8. The Receiver shall be compensated from the proceeds of the sale of the Subject Property:

> (a) in an amount equal to 6% percent of the gross sale proceeds from which the Receiver must pay any buyer broker commission or if the Receiver finds the buyer, without having to involve a separate buyer's agent, in an amount equal to 5% percent of the gross sale proceeds; and
>
> (b) for its reasonable and necessary expenditures incurred in compliance with paragraph 5 above (e.g., for repairs, maintenance, minor improvements and/or insurance).

The Receiver shall receive payment of the above-described compensation from a distribution from the proceeds of a sale approved by the Court at closing, as a direct cost of sale, and before any net sale proceeds are used to pay the claims of the parties to this action.

9. Net proceeds after payment of compensation to the Receiver as set forth in paragraph 8 shall be deposited with the Court unless directed otherwise in a sale confirmation order. The Clerk of Court shall then distribute the remaining proceeds of the sale as follows, as far as the proceeds permit:

> FIRST to Pierce County for any real property tax and/or special assessment liens that are entitled to priority over prior security interests under Washington law and pursuant to 26 U.S.C. § 6323(b)(6), if any exist;
>
> SECOND to City of Tacoma for any utility or public service charges furnished to the Subject Property entitled to priority under 26 U.S.C. § 6323, if any exist;
>
> THIRD to the United States to satisfy the federal tax liens, in an amount

according to proof at that time; and

FOURTH, if any proceeds remain, to the remaining Defendants according to their relative priorities and interests as determined by the Court.

All Parties and all other persons acting in concert with them, or on their behalf, are hereby restrained and enjoined from doing anything that tends to interfere with or reduce the value or marketability of the Property, or from interfering with the Receiver, or with the Receiver's efforts to comply with his obligations under this Order. Violations of this paragraph shall be deemed a contempt of court and punishable as such.

To the extent that any provisions of the Order of Sale dated July 1, 2023 (Dkt. 53) are inconsistent with any provisions of this Order, the provisions of the Order of Sale are withdrawn.

IT IS SO ORDERED.

Dated this 13th day of September 2023.

Tana Lin
United States District Judge